WILLIS v. PEGUES. (No. 523.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 17, 1920.)

1. JUDGMENT ⟜916—PETITION IN ACTION ON JUDGMENT SUFFICIENT TO PERMIT ADMISSION OF JUDGMENT IN EVIDENCE.

In an action on a judgment rendered in another county, the judgment was properly admitted in evidence, although the petition did not state that an attachment had been issued in the case; failure to so allege not constituting a misdescription of the judgment, nor constituting any surprise, no benefit having ever accrued to the plaintiff in consequence of the attachment.

2. JUDGMENT ⟜768(1)—ABSTRACT NEED NOT AFFIRMATIVELY SHOW LACK OF CREDITS TO GIVE LIEN.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5612, does not require an abstract of judgment to affirmatively show, or to state in so many words, that there were no credits to which the judgment was entitled, in order to give a lien on land when filed with the county clerk of another county; it being sufficient that the abstract shows correctly the names of the parties to the suit, the number of the suit, the court in which the judgment was rendered, the date of the judgment, the amount thereof, the rate of interest it bore, the costs of suit, and the total amount due.

Appeal from District Court, Shelby County; Chas. L. Brachfield, Judge.

Suit by O. H. Pegues against James F. Willis, administrator of the estate of Willis Rather, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

D. M. Short & Sons, of Center, for appellant.

Sanders & Sanders, of Center, for appellee.

HIGHTOWER, C. J. The appellee in this case, O. H. Pegues, filed this suit in the district court of Shelby county against James F. Willis, as administrator of the estate of

Willis Rather, deceased, and for cause of action against said administrator alleged substantially as follows: That on the 18th day of October, 1909, in the county court of Gregg county, Tex., plaintiff recovered a judgment against Willis Rather, now deceased, for the principal sum of $947, and that such judgment bore interest from its date at the rate of 6 per cent. per annum, and also that he recovered in that cause judgment for all costs of suit, which was $11.75. Appellee then alleged, substantially, that Willis Rather afterwards died, and that the appellant, James F. Willis, was duly and legally appointed administrator of his estate, and that after such appointment, and within due and legal time, appellee presented to said administrator his claim of indebtedness against Willis Rather, deceased, as evidenced by said judgment, no part of which had ever been paid by Willis Rather, and that appellant, in his capacity of administrator, had rejected said claim, and that appellee in due time thereafter filed suit thereon, etc.

Appellee further alleged that execution on the judgment obtained in the county court of Gregg county against Willis Rather was duly issued in December following the rendition of the judgment in October before, and further that on the 9th of December of the same year a duly certified abstract of such judgment had been filed with the county clerk of Rusk county, Tex., and that such abstract of judgment, after being so filed with said clerk, was duly indexed and recorded in the judgment records of Rusk county, as required by law, and then alleged that at the time of such filing, indexing, and recording of such abstract of judgment, and at all times thereafter, the same became and constituted a lien upon any land at that time owned or thereafter acquired by Willis Rather, deceased, during his lifetime, and that in fact such a lien had attached to a certain tract of land acquired in Rusk county by Willis Rather before his death, describing the same in his petition, and his prayer was, as against appellant in his capacity as administrator, that appellee have judgment against him establishing a claim of indebtedness evidenced by the judgment against Willis Rather, and further that it be adjudged and decreed by the court that he have a lien upon said land in Rusk county to secure the payment of said claim against appellant as administrator, and that such judgment be certified to the probate court of Shelby county, where the administration was pending, for observance, etc.

Appellee also made R. J. D. Ellington and F. C. Powell parties defendant in this cause, alleging, substantially, as against them, that Ellington was claiming a lien on said tract of land in Rusk county by reason of a deed of trust that had been executed by Willis

Rather during his lifetime to said F. C. Powell as trustee, to secure a loan made to Rather by Ellington for the sum of $600, but alleged that such claimed lien by Ellington was subordinate and inferior to appellee's judgment lien, and prayed for judgment as against said defendants to that effect.

Ellington filed an answer, in which he admitted that appellee had acquired a judgment lien against said tract of land, which was superior to his deed of trust lien, and made no further contest, and defendant Powell, as trustee in the deed of trust, filed no answer.

The appellant in this case, James F. Willis, as administrator of the estate of Willis Rather, deceased, filed his answer, consisting of a general demurrer and a number of special exceptions, and then a general denial, and then specially pleaded that appellee's judgment was dormant, and also specially alleged that appellee acquired no lien on the land in Rusk county, as claimed in his petition, for the reason that said land was the homestead of Willis Rather, deceased, at all times after he had acquired same.

The general demurrer and all special exceptions interposed by appellant seem to have been overruled by the trial court, and since no assignment is presented in the brief of appellant challenging the correctness of such ruling, no further mention of those matters will be made.

The trial of the case proceeded before the court without a jury, and resulted in a judgment in favor of appellee against appellant in his official capacity for the full amount claimed by appellee against the estate of Willis Rather, and also declaring a lien in favor of appellee against the land in Rusk county, as claimed by appellee, which judgment was ordered certified to the probate court of Shelby county for observance, etc. It was further adjudged that appellee's lien, as claimed, was superior to the deed of trust lien claimed by Ellington, to which action of the court no complaint was made by Ellington, and Willis, administrator, is the only party appealing.

By his first assignment of error, appellant complains of the action of the trial court in admitting in evidence, over his objection, a certified copy of the judgment obtained by appellee in the county court of Gregg county against Willis Rather, hereinbefore mentioned. The only proposition under this assignment is, in substance, that appellee's petition did not sufficiently describe said judgment to authorize its admission in evidence; that appellee's petition contained only a partial description of said judgment, when it should have contained a full and complete description of same.

[1] Upon inspection of the record in this connection, we find that appellee's petition fully named the parties to this judgment, the

number of the suit in which it was rendered, the court in which it was rendered, the principal amount thereof, the rate of interest it bore, and the costs of suit. Upon inspection of the record, we also find that in the judgment obtained by appellee against Willis Rather in the county court of Gregg county it was recited that a writ of attachment had theretofore been issued in the cause and levied upon a tract of land in Gregg county (the judgment describing the tract), but no further mention in the judgment was made of such attachment. Now, in this connection, appellant contends that the failure on the part of appellee to mention in his petition in this case the fact that an attachment had been issued and levied, as shown by the judgment of said county court, there was a lack of description of such judgment in appellee's petition in this case, and that his objection on that ground should be sustained, and appellee denied the right to introduce such judgment. Appellant made a number of objections to the introduction of the judgment, but this is the only proposition following his assignment.

We overrule the assignment, for the reason that in this case appellee was claiming no right under, and was not in any manner asserting a cause of action based upon, any writ of attachment that was issued in the suit in the county court of Gregg county, and such attachment proceeding formed no part of his cause of action as reflected by his petition in this case, and therefore we hold that he was not required to plead the fact that any attachment had ever issued in connection with the suit in Gregg county court, and further that his failure to do so constituted no misdescription of the judgment relied upon in this case, and could not have constituted any surprise, and his failure to mention in his petition in this case the issuance of the writ of attachment, and the proceedings under such writ of attachment, whatever they were, became immaterial in so far as appellee's cause of action here was concerned. It appeared, however, on the trial, that while the writ of attachment had been issued, as shown by the judgment, no benefit had ever accrued to appellee in consequence thereof, and that the land levied upon was never sold under such writ, but that in fact the attachment had been withdrawn, for the reason that the land upon which it was sought to be levied did not in fact belong to Willis Rather, and it appeared fully from the testimony that nothing had ever been collected by appellee on · said judgment against Rather, but the whole amount thereof, at the date of the judgment in this cause, was still due and unpaid, and it was affirmatively alleged by appellee that no part of said judgment had ever been paid. The assignment is overruled.

On the trial appellee offered in evidence, and the same was admitted over appellant's objection, a duly certified copy of a writ of execution which was issued out of the county court of Gregg county on the judgment obtained by appellee against said Willis Rather, as before shown, and which writ was dated December 3, 1909. Appellant's second assignment of error complains of this action of the court. His only proposition under this assignment is, substantially, that it was error to admit such writ, for the reason that no judgment upon which it had issued had been properly admitted in evidence, and that the writ, therefore, became immaterial. Our disposition of the second assignment in effect overrules this assignment, since we have held that the judgment was properly admitted in evidence.

[2] By the third assignment of error appellant contends, substantially, that the trial court erroneously admitted, over his objection, the abstract of judgment which had been filed, indexed, and recorded in Rusk county. The proposition under this assignment is, substantially, that such action of the court was error, because the abstract of judgment complained of did not sufficiently identify the judgment obtained by appellee in the county court of Gregg county against Willis Rather, so as to constitute a lien, as claimed by appellee on the tract of land in that county. Upon inspection of the record we find that this abstract of judgment contained the names of the parties to the suit in full, its date, the number of the suit, the principal amount of the judgment, the rate of interest it bore, the court in which it was rendered, and showed the total amount due thereon at the time the same was filed in Gregg county, and we therefore hold that this abstract sufficiently identified the judgment relied on by appellee, and that its filing, proper indexing, and recording in Rusk county constituted a lien, under .the statute, upon the tract of land in that county to secure the payment of appellee's judgment, as claimed in his petition in this case.

The real complaint in this connection by appellant is that the abstract complained of does not affirmatively show that there were no credits to which the judgment was entitled. We do not understand that the statute in question requires the abstract of judgment to affirmatively show, or to state in so many words, that there were no credits to which the judgment was entitled in order to give a lien, as was here sought; but if the abstract shows correctly the names of the parties to the suit, the number of the suit, the court in which the judgment was rendered, the date of the judgment, the amount thereof, the rate of interest it bore, and the costs of suit, and further shows the total amount due, the requirements of the statute are fully met, and lien attaches. Article 5612, Vernon's Sayles' Civil Statutes. It is

not appellant's contention in this connection that there were any credits in fact which ought to have been shown by the abstract, and we have no such question before us. The assignment is overruled.

By the fourth assignment appellant complains that the trial court erred in admitting in evidence, over his objection, a duly certified copy of the entries made on the execution docket of the county court of Gregg county in the cause in which appellee recovered said judgment against Willis Rather. The only proposition under this assignment is, substantially, that there was no properly admitted judgment before the court, and that, therefore, these entries appearing on the execution docket became immaterial and had no place in the record. We have already disposed of the contention that there was no properly admitted judgment before the court, and this assignment, is therefore overruled.

There is no merit in the next assignment of error found in appellant's brief, which is denominated seventh assignment, and the same is overruled without further comment.

The next assignment, denominated the eighth, complains of the action of the trial court in admitting, over appellant's objection, the original abstract of judgment made in cause No. 701, which was the cause in which appellee recovered the judgment aforesaid against Willis Rather in the county court of Gregg county, and which original abstract was issued by the clerk of the county court of that county on the 3d of November, 1909. The contention under this assignment is, in effect, that in a suit by a creditor of an estate to establish a rejected claim against an administrator, based on the judgment, and to establish a lien claimed to have been fixed by the abstract of judgment, which was alleged to be for the sum of $947 principal of the judgment, and $11.75 as costs of the suit, and it being further alleged that such judgment bears interest from its date at the rate of 6 per cent. per annum, and the plaintiff offering such original abstract in support of such allegations, which shows the amount due to be $958.75 and 6 per cent. interest thereon from the date of the judgment, that there was shown to be a fatal variance between the allegations of plaintiff and the proof as made by the abstract. As stated above, the abstract of judgment showed that the principal amount recovered in the cause in the county court of Gregg county was $947, and also showed that such judgment bore interest at the rate of 6 per cent. per annum from its date, and then further showed that the amount of costs of that suit was $11.75. We think it is clear, without further comment, that there was no variance, as here claimed by appellant. The assignment is overruled.

This disposes of all assignments brought forward in appellant's brief, and, finding no error in the judgment for which the case should be reversed, it will be affirmed; and it is so ordered.