Wanamaker, J.
 

 Robert D. Keveney was indicted jointly with John Reiter and Fred G-lanz, in the court of common pleas of Henry county, on a charge of breaking into a railroad car. Error was prosecuted to the Court of Appeals, which affirmed
 
 *65
 
 the judgment below. The cause is now here by leave of this court for a review of the judgment.
 

 Keveney’s claim, as shown by his brief, is as follows:
 

 “Claims of Plaintiff in Error.
 

 “1. The trial court erred in permitting the question, by the prosecutor on cross-examination, to the witness, Delventhal, ashing Delventhal whether he was not under indictment ‘for concealing and obtaining stolen property, cigarettes, from Mr. Keveney and Mr. Reiter and Mr. Grlanz from the D. T.
 
 &
 
 I.’ And the Court of Appeals erred in holding that the action of Keveney in going on the stand in his own behalf and admitting there that other indictments were pending against him cured that error.
 

 “2. The trial court erred when it permitted the prosecutor, on cross-examination of the defendant, to ask the defendant, Keveney, the question— ‘There are a number of indictments against you aren’t there, Robert?’ over the objection and exception of defendant, without then instructing the jury as to the only purpose for which that question could be asked and would be permitted to be answered in this case, and the Court of Appeals erred in affirming the conviction below under such circumstances.”
 

 As to the question put to the witness Delventhal, who was called by the defendant, “whether he was not under indictment for concealing and obtaining stolen property, cigarettes, from Mr. Keveney and Mr. Reiter and Mr. Gf-lanz,” the following may be briefly observed:
 

 The interest of witnesses in the result of the case
 
 *66
 
 is always one of the biggest factors in weighing their evidence, in determining its credibility. If Delventhal was so indicted, the presumption is that in due course he would be tried, and it is obvious that upon that trial he would need the good will of Keveney. Human nature is such that if Delventhal now testified to anything against Keveney, Keveney would not likely testify later in Delventhal’s favor. At all events, it is a matter pertinent and relative to Delventhal’s interest in giving testimony in this cause in favor of Keveney.
 

 It is urged that reversible error in this question is supported by the case of
 
 Hamilton
 
 v.
 
 State,
 
 34 Ohio St., 82, where the witness was asked whether or not he was indicted for burglary and larceny jointly with defendant. In that ease it was held that that was an impeachment of the witness’s testimony by a particular fact, the defendant not having put his general reputation in issue; that the state could not attack him by offering the testimony, either generally or specially. The question of mutual interest in conducting a defense to a like charge does not seem to have been considered. Of course you cannot impeach a witness by merely showing an indictment, but you may affect his interest in his present testimony, his credibility upon the stand, by showing his mutuality of interest with the defendant in securing his acquittal, which, of course, is a matter directly affecting the weight of his testimony.
 

 It is clearly held, in the case of
 
 Wroe
 
 v.
 
 State,
 
 20 Ohio St., 460, that the trial court has a wide discretion in the cross-examination of witnesses, especially on matters affecting their credibility.
 
 *67
 
 Upon this point the
 
 Hamilton case, supra,
 
 is not approved, because it has entirely overlooked the question of the witness’s interest in securing and retaining the good will of the defendant in anything that reasonably pertains thereto touching his guilt or innocence.
 

 As to the second proposition, the
 
 Wroe case, supra,
 
 again applies: also the case of
 
 Harroff
 
 v.
 
 State,
 
 37 Ohio St., 178, 41 Am. Rep., 496. (In the official report of this case the plaintiff in error’s name is erroneously spelled “Hanoff.”) But there is another reason why this was not reversible error. Under the old common-law practice all error occurring at the trial was reversible error, but under the Code such error must relate to a matter “substantially affecting the merits of the case and prejudicial to the defendant.”
 

 As affecting the credibility of the witness, former convictions of crime may always be shown. The preliminary question usually in such cases is to show, first that he was indicted, and thereafter show the conviction, or that the defendant fled from the jurisdiction and is now a fugitive from justice, which fact could likewise be shown as well as the final conviction.
 

 If, however, no such conviction is shown, or that the witness is a fugitive from justice, then upon motion of the defendant such preliminary question to the indictment should be stricken out. That, however, could only appear from the later examination of the witnesses. Indeed, the-court would be amply warranted in striking out such testimony on its own motion, cautioning the jury to disregard it.
 

 
 *68
 
 This court has repeatedly held that the mere fact of an affidavit, information, or indictment being found against a person is no evidence of guilt. Indeed, the court, in the discharge of its full duty, upon the trial of an indictment, charges the trial jury that the finding of the indictment affords no presumption whatsoever of guilt, but on the contrary the defendant is presumed to be innocent. If that is true as to the indictment upon which he is being tried, it is much more time of other indictments. In this case, however, no motion was made by the defendant to later exclude this testimony. He may have intended to turn the point against the state, and he cannot now complain if any error was committed in that behalf.
 

 We find no error in this case materially affecting the substantial rights of the defendant, and the judgment of the courts below is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.