No. 964

MARCOGUSEPPE v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6414. Decided June 22, 1925

Judges Farr and Pollock of 7th Dist., and Patterson of 5th Dist., sitting.

841. NEW TRIAL—Where in a joint trial with conviction, one defendant may be granted a new trial and the other refused.

PATTERSON, J.

Frank Marcoguseppe and one DePalma were taken into custody by a dry agent, one Griner. They were seated in the back of an automobile and were proceeding to the police station when Marcoguseppe drew a gun and shot Griner in the shoulder. Both Marcoguseppe and DePalma were indicted with an attempt to kill and attempt to wound. They were both found guilty under the second count, attempt to wound. A motion for a new trial was filed and granted to DePalma but denied as to Marcoguseppe.

Marcoguseppe contended that inasmuch as DePalma was granted a new trial he was also entitled to a new trial; and as DePalma was

discharged by virtue of the motion, both should be discharged because they were co-defendants. The Court of Appeals held:

1. Through a recent amendment of the statute in regard to joint trials or trying accused jointly, the court now has the option of granting either separate trials or trying the accused jointly.

2. The facts in this case disclose that DePalma did not do any shooting and the Common Pleas Court was right in sustaining the motion for a new trial with reference to DePalma .

3. The Court erred in rejection of testimony, particularly in reference to the cross examining of Griner, and complaint is made that Griner is not allowed to testify as he is under criminal charge in Federal Court.

4. There is no rule of law that holds that the mere fact of filing an affidavit, is evidence of guilt.

5. Mere fact that indictment has been returned affords no presumption or inference of guilt. 109 OS. 64.

Judgment affirmed.

Attorneys—Bounpane, Marshman & Bounpane, for Marcoguseppe; E. C. Stanton for State; all of Cleveland.