Virgil E. HODGES, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 56061.

Supreme Court of Missouri,
Division No. 1.

Feb. 8, 1971.

Harold L. Miller, Maysville, for appellant.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from denial, after evidentiary hearing, of motion under Criminal Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction and sentence to 25 years' imprisonment entered upon plea of guilty to charge of robbery, first degree, with a dangerous and deadly weapon. §§ 560.120, 560.135, V.A.M.S.

On April 30, 1966, an information was filed charging that on April 24, 1966, Virgil E. Hodges, Jr., "did then and there unlawfully, willfully and feloniously, by means of a dangerous and deadly weapon, to-wit: a .22 caliber automatic pistol, rob, steal, take and carry away One Hundred Fifty Dollars ($150.00) in lawful money of the United States, the property of Consum-

ers Oil Company, Savannah, Missouri, by then and there using force and violence to the person of one Michael David Hellums, an employee of the Consumers Oil Company, and by then and there putting the said Michael David Hellums in fear of immediate injury to his person, rob, steal, take and carry away, the said lawful money of the said Consumers Oil Company with the felonious intent then and there to deprive the said Consumers Oil Company of the use of the said lawful money and to convert the same to his own use, * * *."

On April 5, 1967, the court entered judgment, sentence, and commitment, reciting that on January 27, 1967, appellant, aided by counsel of his own choosing, Mr. Richard Mason, withdrew his prior plea of not guilty and, after the court arraigned him "by reading the information filed to him," entered his plea of guilty to the "said crime of felonious stealing by use of a dangerous and deadly weapon as charged in the Information filed."

As grounds for relief, appellant's motion asserted:

"(a) * * * the sentence of twenty five years is 'excessive' punishment for the offense of 'felonious stealing' * * *.

"(b) * * * the information is 'fatally defective' for the offense of First Degree Robbery with a dangerous and deadly weapon in *ommitting* the essential element that the acts therein described were 'against the will' of * * * the alleged *victum* * * *." At the outset of the hearing the motion was amended to add "that the information filed is further fatally defective * * * because of the omission and the failure to allege that the property was taken from the person of anyone * * * (or) in the presence of anyone * * * (or) against the will of anyone * * * (or) that one Michael David Hellums was the servant, clerk, or agent of Consumer's Oil Company * * * (or) that * * * (he) was in charge of the property of Consumer's Oil."

The evidence consisted of the information, the judgment, sentence and commitment, and the testimony of Virgil E. Hodges, Jr.

In his direct testimony, appellant could recall his arraignment and plea of guilty but did not remember the charge to which he pleaded except to say he understood it to be "felonious stealing with a dangerous and deadly weapon." He had "heard, in different jails and such, that felonious stealing carries a maximum penalty of ten years. * * * I found out myself that according to the records that on the charge that I was sentenced under, the only thing I could receive was ten years, because it was a faulty information. * * * If I had known that I would receive more than ten years I would have stood trial."

Upon cross-examination by the prosecuting attorney, he denied recollection of explanation by the court with respect to the charge and maximum sentence; however, he acknowledged his appearance before the court with his lawyer, his change of plea, and that by it he waived his right to jury trial and confessed his guilt to the charge.

Upon questioning by the court from the record of proceedings made at the time the guilty plea was entered, appellant further acknowledged that he and a cohort had used a gun to threaten and strike their victim to take his money, and that for armed robbery "the court could give up to death." The plea record showed that appellant realized he was charged with armed robbery of $150 from Michael David Hellums by putting him in fear of immediate injury to his person. The charge of armed robbery was mentioned several times by the court and, upon each occasion, appellant indicated his understanding that such was the charge to which he was pleading because he was guilty of that offense. Appellant also acknowledged his understanding that the plea was voluntarily entered and was free of any coercion or promises. The record also developed that appellant was accompanied by his great-grandfather

at the time of his plea. Finally, upon discussion of the change in appellant's understanding from the time his plea was entered to his position at the 27.26 hearing, appellant conceded he was "not disputing the records of the court. * * * I am just going by the information, what the information reads * * *. Also, my sentence and commitment * * *."

In denying the motion, the court found and concluded: "Movant, Virgil Elkin Hodges, Jr., entered a plea of guilty in the Circuit Court of DeKalb County, Missouri on the 27th day of January, 1967, to the charge contained in the information, which was a charge of armed robbery. A presentence investigation was ordered and thereafter on the 5th day of April, 1967, allocution was granted and the Defendant was sentenced in accordance with his plea of guilty to the charge of armed robbery to 25 years in the Department of Corrections, State of Missouri. At the time of his plea of guilty and his sentencing, and prior thereto, he was represented by Richard Mason, an Attorney of his own choosing.

"Movant filed his Motion to Vacate under Supreme Court Rule 27.26, and Mr. Harold L. Miller of Maysville, DeKalb County, was appointed to represent him at said hearing. * * * The only grounds alleged in said motion to vacate is that he entered a plea to felonious stealing, and the maximum sentence for said felonious stealing is ten years, and his request is for the Court to reduce the 25 years to 10 years in accordance with his plea to said charge of felonious stealing, as he now contends, rather than to the charge of armed robbery. The records of the Court reflect that the information did charge the crime of armed robbery, to which he entered a plea on the 27th day of January, 1967. And on the 5th day of April, 1967 he persisted in his plea to the charge of armed robbery as contained in the information, when he was sentenced after allocution had been granted. The record itself, and his testimony at the evidentiary hearing, is replete with evidence beyond a reasonable doubt that the Movant, Virgil Elkin Hodges, Jr., was well conversant with the charge against him personally, as well as having been informed by Counsel of his own choosing, Richard Mason, at that time, and by the Court at the time of the plea of guilty being accepted on the 27th day of January, 1967, and again on the 5th day of April, 1967. And the defendant again advised the Court, under oath, at the evidentiary hearing, that he knew he could receive a maximum of the death penalty by entering a plea of guilty to the charge of armed robbery.

"The Court finds, beyond a reasonable doubt, against Movant, and for the State on all facts offered in support of and against all grounds raised in said motion to vacate, which would constitute a proper and legal basis for vacating the judgment and sentence imposed, and said motion is denied in all respects."

There are no questions on this appeal of misunderstanding of the consequences of the guilty plea or with the performance of either of appellant's lawyers. He testified that he had no complaints against Mr. Mason and that he was satisfied with Mr. Miller's attention to his case and his testimony further limited the present inquiry to the matters briefed, i. e., that the sentence of twenty-five years is excessive because it purports to be for robbery, first degree, with a dangerous and deadly weapon, while in fact the charge and the judgment go only to felonious stealing for which the maximum penalty is ten years.

Section 560.120, V.A.M.S., defines robbery in first degree:

"Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person; or who shall be convicted of feloniously taking the property of another from the person of his wife, servant, clerk or agent, in charge thereof, and against the will of such wife, servant,

clerk or agent by violence to the person of such wife, servant, clerk or agent, or by putting him or her in fear of some immediate injury to his or her person, shall be adjudged guilty of robbery in the first degree," and, under Section 560.135, V.A.M.S., "every person convicted of robbery in the first degree by means of a dangerous and deadly weapon shall suffer death or, be punished by imprisonment in the penitentiary for not less than five years * * *."

Appellant asserts the information is defective for failure to allege: that the taking was against the will of anyone; that the property was taken from the person of anyone; that the taking was in the presence of anyone; that the property was that of another, taken from the person of his "wife, servant, clerk or agent in charge thereof." In stating this contention, appellant concedes the information to be sufficient to charge: the taking; that the taking was by means of a dangerous and deadly weapon; that the property taken was that of Consumer's Oil Company; that the taking was by use of force and violence to the person of, and by putting Michael David Hellums, an employee of Consumer's Oil Company, in fear of immediate injury to his person; that all was done to deprive Consumer's Oil Company of its property and to convert it to appellant's own use.

All these concessions are confirmed by an examination of the information and, accordingly, discussion will be limited to the alleged defects.

■ Certain rules have been enunciated for testing the sufficiency of an information, among which are: It must state essential facts constituting the offense charged, State v. Cunningham, Mo., 380 S.W.2d 401, 403[4]; it must adequately notify a defendant of the charge against him and constitute a bar to further prosecution for the same offense, State v. Tandy, Mo.,

401 S.W.2d 409, 412–413[3]; and if the information does these things following the language of the statute or words of similar import, poor draftsmanship, if existent, will not render it fatally defective, State v. Harris, Mo., 313 S.W.2d 664, 669[3].

■ Adverting to the information, and applying these rules to it, it is seen that it is not defective in any of the asserted respects. Along with the conceded matters, it charged that appellant made an unlawful and felonious assault upon the owner's employee, and by thus putting him in fear of immediate injury to his person, feloniously did rob, steal, take and carry away property of the employer to his intended deprivation. Such allegations are sufficient to bring the offense within the provisions of the statute. It is not necessary that the property be alleged to have been taken from the person of the employee, State v. Craft, 299 Mo. 332, 253 S.W. 224, 227; and omission of specific allegations of "from his person," or "in his presence," do not, in themselves, render an information fatally defective, State v. Kelly, Mo., 107 S.W.2d 19, 20[2]. Similarly, omission of "against his will" is not fatally defective when a taking by force and violence is alleged, because property could not have been taken by force without being taken against the will of the victim. State v. Massey, 274 Mo. 578, 204 S.W. 541, 543. Nor is the failure to allege that the victim was the wife, servant, clerk or agent in charge of the property taken fatally defective because the allegation of taking from the employee is sufficient to support an inference that the employee was the agent, servant or clerk of the owner of the property. State v. Wilson, Mo., 237 S.W. 776, 777. Neither does omission of "in charge thereof" fault the information because there is an almost necessary inference that the employee was in charge of the property from the allegation that the employee was assaulted and the employer-owner was thereby deprived of his property. State v. Wilwording, Mo., 394 S.W.2d 383, 388.

Finally, for an information in similar form and of similar import and discussion holding the same to be sufficient against similar attacks, see State v. Biven, Mo., 151 S.W.2d 1114, 1116–1118.

■ Appellant's remaining contention is that the sentence was improper because "there was no sentence for first degree robbery". This argument emphasizes the language employed in the court's judgment that defendant was charged with and pleaded guilty to "felonious stealing." It overlooks the import of all the court's language that the plea of guilty was to the "crime of felonious stealing by use of a dangerous and deadly weapon as charged in the information." It has already been demonstrated that the information filed and read to defendant was sufficient to present the charge of robbery, first degree, with a dangerous and deadly weapon; the difference between felonious stealing as constituting robbery, first degree, and felonious stealing is the presence of the elements of force and violence or putting in fear, State v. Parker, Mo., 324 S.W.2d 717; and the evidence supports the court's finding that appellant understood the charge to which he pleaded guilty to be armed robbery. Section 560.135, supra, provides penalties for armed robbery in excess of that adjudged, and, being within that limit, the punishment is neither improper nor excessive.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.