JOURNAL ENTRY AND OPINION
Cleveland Board of Zoning Appeals (BZA) appeals from an order of the common pleas court setting aside its administrative determination that Downtown Office, Inc. (Downtown Office) violated various Cleveland Codified Ordinances (C.C.O.) by unlawfully operating an adult cabaret.
On April 17, 1998, City of Cleveland Building Department Inspector Kevin Franklin issued a notice of violation following an inspection of the Downtown Office premises located at 3230 Euclid Avenue. He observed topless women at the premises and checked the permits that had been issued for the business conducted there. A valid permit to operate as a restaurant and tavern was issued for the premises, but, according to Franklin, the facility was being operated as an adult cabaret in violation of Cleveland ordinances.
Downtown Office filed a notice of appeal with the BZA. On June 15, 1998, the matter proceeded to a hearing. Two witnesses testified to support the finding that Downtown Office violated the ordinances. Inspector Franklin testified that he inspected the premises on one occasion. In addition, a customer who had frequented the restaurant testified that he saw a topless woman in the bar in probably 1991" and he never returned thereafter. Downtown Office presented no witnesses, but made various constitutional challenges to the ordinances. The five members of the BZA thereafter voted unanimously to affirm the finding that Downtown Office violated C.C.O. Section 347.07.
On July 20, 1998, Downtown Office filed a notice of appeal in the common pleas court from the BZA determination. The BZA filed the record from the administrative appeal. After obtaining a series of continuances, each party filed briefs in support of its respective arguments. The common pleas court ultimately reversed the decision of the BZA and held in favor of Downtown Office.
The common pleas court's journal entry provides as follows:
 This matter comes before the Court upon the administrative appeal lodged by Appellant Downtown Office, Inc. under R.C. Chapter 2506 challenging the Appellee administrative agency's determination that Appellant's premises were being used for an adult cabaret entertainment, not permitted without a special license in Appellant's zoning use district. The parties have filed their briefs and assignments of error in compliance with this Court's order. The Court agrees that the decision of the Appellee Cleveland Board of Zoning Appeals must be reversed because it is not supported by substantial, reliable and probative evidence. Because of this decision the Court does not reach the constitutional issues raised by the balance of the Appellant's assignments of error. Interstate Motor Freight System v. Bowers (1955), 164 Ohio St. 122, 125.
 In particular, the only evidence introduced at the Board of Zoning Appeals hearing that the Appellant was in fact conducting adult entertainment on their premises was City of Cleveland Building Inspector Kevin Franklin's testimony that on one day, April 15, 1998, he observed such entertainment at the Appellant's premises. The City also presented testimony of one Markus, a local businessman, who testified that he last ate at Appellant's restaurant some seven years ago in approximately 1991, he then observed a topless dance performance, and he never returned. In order for the Board of Zoning Appeals to conclude that the Appellant was using its premises as an adult cabaret as that term is defined in Cleveland Ordnance [sic] 347.07(b)(6) evidence would be required to prove it was an establishment which regularly features persons who expose specified anatomical areas * * * or similar live entertainers.By no stretch of the imagination can the single observance of such entertainment in 1991 followed by the single observance of same in 1998 prove that the Appellant regularly featured such entertainment. On this basis the Cleveland Board of Zoning Appeals decision must be and is hereby reversed. R.C. 2506.04.
The BZA filed a notice of appeal from the judgment of the common pleas court, raising the following sole assignment of error:
 THE DECISION OF THE COURT OF COMMON PLEAS SHOULD BE REVERSED, BECAUSE THE TRIAL JUDGE ABUSED HER DISCRETION IN OVERTURNING THE DECISION OF THE BOARD OF ZONING APPEALS IN THAT SAID DECISION WAS SUPPORTED BY SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE.
This assignment lacks merit.
BZA argues the common pleas court improperly substituted its judgment for that of the BZA. BZA argues that businesses are required by ordinance to obtain a certificate of occupancy when they change the use of their premises. It contends that Downtown Office changed its business from a restaurant and tavern to an adult cabaret without applying for such a certificate. BZA emphasizes that Downtown Office presented no evidence at the BZA appeal hearing and points out that Cleveland obtained an injunction against Downtown Office in a subsequent Cleveland Municipal Court proceeding.[1]
The standard governing appellate review of common pleas court determinations of administrative appeals has been summarized as follows:
 In reviewing a decision of a court of common pleas on an appeal from an administrative disciplinary proceeding, the limited function of the court of appeals is to determine whether the decision of the court of common pleas is supported by reliable, probative and substantial evidence and is in accordance with law.
E.g., Ohio State Bd. of Pharmacy v. Poppe (1988), 48 Ohio App.3d 222 . After reviewing the record in compliance with this standard, we conclude that the BZA has failed to show any error by the common pleas court.
We note initially that, contrary to the BZA's argument on appeal, both the BZA and the common pleas court were limited to the material presented to the BZA during the administrative appeal and filed with the common pleas court in the case at bar. The record in the case at bar does not contain any of the materials presented to the Cleveland Municipal Court and referred to by the BZA in other proceedings between the parties, except for uncertified copies of a municipal court judgment entry and a magistrate decision stapled to the BZA's brief on appeal.
It is well established that a reviewing court cannot add to the record before it any matter which was not a part of the trial court's proceedings and then decide the appeal on the basis of that new material. State v. Ishmail (1978), 54 Ohio St.2d 402, syllabus paragraph one. Accordingly, regardless of the merits of the municipal court's ruling in City of Cleveland v. Daher, supra, the record in Daher cannot be used to fill in the gaps in the record herein because the municipal court materials were not presented to the BZA or the common pleas court in the case at bar.
Nothing in the record properly before the court in the case at bar shows that the common pleas court improperly substituted its judgment for that of the BZA. The transcript of proceedings before the BZA was brief and comprised only twenty-nine pages of material. Very little of this material constituted evidence as opposed to comments, discussion, and arguments of the parties and board members.
C.C.O. Section 347.07(b)(6) defines what constitutes an adult cabaret as follows:
 (6) Adult Cabaret means a commercial establishment, including a nightclub, bar, restaurant or similar establishment, which regularly features persons who expose specified anatomical areas, or dancers, strippers or similar live entertainers in performances which are distinguished or characterized by the exposure of specified anatomical areas or by the depiction or description of specified sexual activities, or films, motion pictures, video cassettes, slides, or other photographic reproductions which are distinguished or characterized by the depiction or description of specified anatomical areas or specified sexual activities. This definition of adult cabaret does not include the definitions of adult live entertainment arcade or adult theater, which are separate uses. (Emphasis added.)
Finding that Downtown Office used its premises as an adult cabaret under this provision was a necessary predicate for finding either (1) that such a use was in a location prohibited by C.C.O. Section 347.07(c) or (2) that it improperly changed or substituted its use from the permitted restaurant or tavern use without a certificate of occupancy in violation of C.C.O. Section 327.02(c).
The issue in this case is whether the record before the BZA contained any substantial, reliable, and probative evidence that Downtown Office regularly features any of the matters prohibited by C.C.O. 347.07(b)(6). The evidence was limited to two isolated observations at the Downtown Office of topless women in a seven-year period. Under the circumstances, the common pleas court properly concluded that this paucity of information did not constitute substantial, reliable, and probative evidence that Downtown Office regularly features topless dancers. Instead of showing any such evidence to demonstrate that the trial court erred, the BZA seeks to shift the burden of proof to divert attention from this glaring defect in its case.
The BZA has cited no authority that one could presume the validity of a charged violation of an ordinance by the simple fact that a notice of violation was issued. The Ohio Supreme Court has long held to the contrary in Keveney v. State (1923), 109 Ohio St. 64, at syllabus paragraph two: The mere fact that an indictment has been returned affords no presumption or inference of guilt. The Keveney Court specifically recognized that these principles applied to all documents charging an offense, when it stated as follows:
 This court has repeatedly held that the mere fact of an affidavit, information, or indictment being found against a person is no evidence of guilt. Indeed, the court, in the discharge of its full duty, upon the trial of an indictment, charges the trial jury that the finding of the indictment affords no presumption whatsoever of guilt, but on the contrary the defendant is presumed to be innocent.
Id. at 68.
The record shows that Cleveland Building Department Inspector Kevin Franklin observed the premises on one occasion. His testimony at the BZA hearing was bereft of any detail as to what he observed on the premises. In light of his testimony, it is not clear on what basis either he or the BZA could logically conclude that Downtown Office regularly features topless performances.
Franklin did not indicate that he was aware of any similar activity on the premises on any other occasion. Although a second witness testified that he observed topless women approximately seven years earlier in 1991, we are constrained to agree with the common pleas court's well reasoned opinion that the two instances described could not logically be conjured up to support the conclusion that Downtown Office regularly features such performances. Ohio Courts in other contexts have likewise held that evidence of one or two isolated occurrences is not sufficient to establish a regular practice. See e.g., Bollinger, Inc. v. Mayerson (1996), 116 Ohio App.3d 702; Bolan v. Adams (1984), 19 Ohio App.3d 206.
In short, this appears to be a textbook case in which the administrative decision is not supported by substantial, reliable, and probative evidence. The BZA points to none. No amount of deference to governmental action, burden shifting after the fact, or improper supplementation of the record on appeal to this court can overcome the fact that the record before the BZA does not contain evidence to support its determination.
Accordingly, the BZA's sole assignment of error is overruled.
Judgment accordingly.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and JAMES M. PORTER, J., CONCUR.
[1] City of Cleveland v. Daher et al., Cleveland Municipal Court, Housing Division, Case No. 98 CVH 12396. An appeal from this judgment is pending in the separate case of City of Cleveland v. Daher et al., Cuyahoga App. No. 76975.