Ruth Holden, Administratrix of the Estate of Matthew David Holden, Deceased, v. William Berberich, Sr., William Berberich, Jr., Mabel Berberich, M. A. McEvers, as Trustee for Wilbert Berberich, a Minor, Individuals, Doing Business as Berberich's Delivery Company, and Sebastian Kraus, Appellants.—No. 38273.—174 S. W. (2d) 791.

Division Two, August 27, 1943.

Rehearing Denied, October 4, 1943.

Motion to Transfer to Banc Overruled, November 1, 1943.

*Jones, Hocker, Gladney & Grand* and *Lon Hocker, Jr.,* for appellants.

*Alexander & Robertson* for respondent.

 LEEDY, P. J.—This is an action for the alleged wrongful death of Matthew Holden, brought by his widow, as administratrix of his estate. The jury found for defendants, who appeal from the order granting a new trial.

Holden died as the result of injuries sustained in an automobile collision which occurred shortly after 1:30 o'clock on Sunday morning, August 11, 1940, on Illinois State Highway No. 4. He was one of four occupants of a Ford car being driven by Stanley Best. The Ford, south-bound, was en route from Carlinville to Gillespie, both points being in the State of Illinois, when, on a straight and level stretch of highway, it collided with defendants' truck. The truck had been delivering the Sunday edition of a St. Louis newspaper, along its regular route, in charge of Sebastian Kraus, its only occupant. Fries, another passenger in the Ford, was killed. Woodruff, the fourth occupant, testified that he was asleep in the back seat, and although he was not injured, he knew nothing about the collision, nor how he got away from the scene, or anything else until the following morning. Kraus, defendants' chauffeur, remained unconscious for ten days, after which he remembered neither the facts of the accident, nor the events immediately preceding it. There were no other eye-witnesses to the accident.

██ Plaintiff's principal witness was the driver, Stanley Best. On his cross-examination it was elicited (over plaintiff's objection and exception) that he had been indicted in connection with Holden's death on a charge of driving while intoxicated, and that said charge was then pending and undisposed of. Plaintiff sought, unsuccessfully, to have a mistrial declared on that [792] account. The matter was assigned as error in plaintiff's motion for new trial. The order sustaining said motion and granting a new trial specified such as the ground therefor, and for like error in permitting defendants' counsel, in his opening statement, to tell the jury defendants would show said witness had been indicted for manslaughter over the death of Matthews.

Defendants contend that said statement and proof was something to which they were entitled as a matter of right because relevant to a material issue, i. e., the interest and bias of the witness, and that, therefore, the court erred in ordering a new trial. Such is the limited issue presented by this appeal. Defendants expressly recognize and

agree with the well-settled general rule that a witness cannot be discredited by interrogating him on cross-examination concerning a mere accusation or indictment for crime [State v. Howard, 102 Mo. 142, 14 S. W. 937; State v. Edmundson (Mo.), 218 S. W. 864; State v. Snow (Mo.), 252 S. W. 629; State v. Pine, 332 Mo. 314, 57 S. W. (2d) 1087; State v. Menz (Mo.), 106 S. W. (2d) 440; Hoffman v. Graber (Mo. App.), 153 S. W. (2d) 817; Marrah v. J. & R. Motor Supply Co. (Mo. App.), 165 S. W. (2d) 271] but they contend said rule has no application to a situation where, as here, the witness is under indictment for an offense growing out of the very subject under investigation, the argument being that "where proof of the indictment discloses an interest in the witness—a compelling motive to tell a story which will fix blame on defendants, because the same story, if believed, will absolve him from criminal guilt—such proof has always been held proper."

The general rule just noticed has been announced in the many cases construing and applying Sec. 1916 Mo. R. S. A.[1] Said section is the one by which the disqualification of convicts as witnesses was removed, but which in express terms permits the fact of conviction of a witness to be proved "to affect his credibility." It has been held that the statute "by implication at least" excludes a mere charge of a criminal offense as any evidence affecting the credibility of the witness. [State v. Wigger, 196 Mo. 90, l. c. 99, 100, 93 S. W. 390, l. c. 393.] The same case points out that an indictment or information is a mere formal charge and is no evidence of the guilt of the defendant of the charge therein contained, and that the court always so instructs the jury. "This being so," says the court, "how can it be logically or in good reason said that the mere filing of an information or indictment against a party, upon which no conviction has been had, ought to be admitted as affecting the credibility of such a witness?"

As said in 3 Wigmore, sec. 980a, p. 545 (3d Ed.), that, in jurisdictions such as our own, "a mere *arrest* or *indictment* will not be allowed to be inquired after; since the fact of arrest or indictment is quite consistent with innocence, and since the reception of such evidence is merely the reception of somebody's hearsay assertion as to the witness' guilt. To admit this would involve a violation both of the Hearsay rule and of the rule forbidding extrinsic testimony of misconduct."

"The fact that an unproven charge has been made against one has no logical tendency to prove that he had been guilty of any of-

[1]"Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved *to affect his credibility*, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer." [Sec. 1916 Mo. R. S. A. (Italics ours.)]

fense, *or to impair the credibility of his testimony.* An indictment is a mere accusation, and raises no presumption of guilt. On the contrary, the indicted person is presumed to be innocent until his guilt is established, by legal evidence beyond a reasonable doubt, in a court of competent jurisdiction. It does not seem to be fairly open to question that he is deprived of the benefit of this presumption by the admission against him of evidence of the fact that a charge, based upon ex parte evidence, which, when combated on a trial, may turn out to be utterly untrustworthy, has been made against him. It is not uncommon for entirely innocent persons to be indicted. It would be a gross injustice to permit the fact of such a making of a charge to be used to the prejudice of a person against whom the unproved charge is made. The evidence admitted over the objections made did not any more shed light on the question of the credibility of the defendant's testimony [**793**] than it did upon the question of his guilt or innocence of the offense for which he was on trial." [Coyne v. U. S., 246 Fed. 120.]

So much for the reason underlying the exclusion of proof of mere accusation or charge of crime. Another section, Sec. 1887 Mo. R. S. A.[2] prescribes that interest shall not disqualify a person as a witness in a civil suit "but such interest may be shown for the purpose of affecting his credibility," which is precisely the same purpose for which a conviction may be shown under Sec. 1916.

Considerable latitude is permissible on cross-examination in probing a witness as to his interest or bias, but the extent to which such examination may go rests largely in the discretion of the court. Here it is contended the fact the witness Best was under indictment for driving while intoxicated on the occasion in question is a circumstance tending to prove interest and bias concerning the matters about which he is testifying. Defendants strenuously insist it was proper to make such showing under the doctrine stated in 3 Wigmore, sec. 949, p. 503 (3d Ed.), as follows: "That the witness is or has been *under indictment* may have several bearings: (3) if it is now pending over a *witness for the prosecution* or for the *accused* in a criminal case, it is relevant to show the witness' interest in testifying favorably for that side." It is not surprising that all of the cases cited and relied on by defendants in support of said contention (with one exception, Day v. Lusk, which is not in point) are criminal cases,[3] in which, as the

---

[2]Sec. 1887, Mo. R. S. A., insofar as pertinent, provides: "No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credibility: . . ."

[3]State v. Rose, 339 Mo. 317, 96 S. W. (2d) 498; State v. Snow (Mo.), 252 S. W. 629; McAdams v. State, 21 Ala. App. 193, 106 So. 622; People v. Bennett (Cal. App.), 249 Pac. 20; Campbell v. State, 169 Ark. 286, 273 S. W. 1035; People v. MoyHe, 173 App. Div. 396, 159 N. Y. S. 303; and Day v. Lusk (Mo.), 219 S. W. 597.

text plainly states, the rule contended for is applicable. There is not the slightest suggestion by the author of the work cited that it has application to civil cases. There are, of course, other circumstances under which an indictment may have a bearing, as indicated in the same section of the work [Wigmore] cited, but these exceptions are not herein involved. The reasons for permitting such proof in criminal cases is readily apparent. For example, where an accomplice testifies for the prosecution, his indictment for the same offense may be proved as a circumstance tending to show his testimony is or may be influenced by a desire to seek the favor and leniency of the court and prosecuting officers by aiding in the conviction of the defendant. [People v. Bennett, 249 Pac. 20. Compare State v. Rose, 339 Mo. 317, 96 S. W. (2d) 498.] "Where a co-indictee testifies for the accused his situation here also may be considered as tending to exonerate the other accused and thus help toward his own freedom." [3 Wigmore, sec. 967, p. 527.] It may be observed in passing that the charge pending against Best was in another state.

The precise question here presented does not seem to have been the subject of frequent rulings. However, in the recent case of Paul v. Drown, 189 Atl. 144, 109 A. L. R. 1085, the action, as here, was for personal injuries sustained as the result of a highway collision between a truck in which plaintiff was riding and a passenger car operated by defendant. There, as here, the driver of the vehicle in which plaintiff was riding, one Marcou, was called as a witness for plaintiff. He was asked, "Were you brought into court by the State for careless and negligent driving in connection with that accident?" and his answer was, "Yes." He was then asked, "Your case has not yet been tried?" Defendant then offered to show that the witness had been arrested and the case was still pending, and the question was excluded. Counsel for defendant then said, "And we offer to show that Mr. Drown was not arrested." This was excluded. The substantial error for which the judgment was reversed was in connection with the foregoing, the court saying, "It must have been entirely clear to the cross-examining counsel that the offered evidence concerning Marcou's arrest and pending prosecution had no legal relevancy to the issues before the court. It was not admissible to show that defendant was not negligent or that Marcou's negligence was the proximate [794] cause of the accident. *Neither could it have been received in impeachment of the witness, because there had been no conviction of the offense charged against him.*" (Italics ours.) Similarly, in Maland v. Tesdall, 5 N. W. (2d) 327, in an action against owner and driver of an automobile for death of a guest, evidence of the arrest of the driver, immediately following the accident, for intoxication and his subsequent detention at the police station for two or three hours was held incompetent. It does not satisfactorily appear from the opinion whether the charge was still pending, but we

think such is the implication. Wherever the question has arisen, the rulings appear to exclude evidence of the kind in question.

From what has been said, it follows that the order granting a new trial should be affirmed, and the cause remanded. It is so ordered. *Tipton, J.*, concurs; *Ellison, J.*, concurs in result, in separate opinion.

ELLISON, J. (concurring).—I concur in the result only. First, briefly as to the facts. Respondent sued the appellants for the wrongful. death of her husband, resulting from a collision between appellants' truck and an automobile driven by one Best, in which the deceased was riding. At the trial Best testified as a witness for the respondent. He freely admitted on both direct and cross-examination that he and his companions had been drinking beer before starting on the trip, and there was other evidence tending to show he was drunk. But his account of the collision convicted appellants' truck driver of negligence.

On cross-examination appellants' counsel over respondent's objection, elicited from Best the admission that he was then under indictment and out on bond, charged with driving a motor vehicle while intoxicated, the charge growing out of the collision. The verdict was for appellants but the lower court granted a new trial on the ground that it had erred in admitting that testimony. Appellants contend the testimony was competent. The principal opinion affirms the judgment below, holding such discrediting evidence may be admitted in a criminal case, but not in a civil case. I do not agree to that sweeping distinction, but concur for another reason to be stated presently.

Of course evidence is incompetent in any case to show a witness has been merely *charged* with a crime when the effort is to impeach him under Sec. 1916*, which requires a showing that he has been *convicted* of a criminal offense. But that is a wholly different thing. Impeachments of that character are under the arbitrary rule of the statute. The former conviction may have been of an offense wholly unrelated to the case in which the witness is testifying, and at a different time and place.

But here, the appellants were not relying on that statute. They were attempting to show the *interest* of the witness Best against the appellants in the civil case then on trial. As a matter of law they had a right to do that under Sec. 1887, which expressly provides the interest of a witness in the event of any civil suit may be shown for the purpose of affecting his credibility. So, also, Sec. 4069 provides that the law in civil cases relative to the examination of witnesses shall extend to criminal cases so far as applicable. The rule is the same in both classes of cases. So if the criminal offense for which Best was then under indictment, had been such as to make it definitely

---

*All references to statutes are to R. S. Mo. 1939, and Mo. R. S. A.

and certainly to his interest to testify favorably to respondent in her civil suit, to save himself in his own case, I think the pendency of the latter case against him could have been shown.

When a co-indictee of the defendant on trial in a criminal case turns State's evidence, the fact that he has a similar charge pending against him may be shown to affect his credibility on the theory that he hopes for leniency and thus is serving his own interest. State v. Rose, 339 Mo. 317, 327, 96 S. W. (2d) 498, 504(5, 6). Likewise in State v. Snow, 252 S. W. 629, 632, several men testified for the defendant in a carnal knowledge case that the prosecutrix was over the protected statutory age. These witnesses were under pending indictment for the same offense against her. The opinion held it was proper to develop the latter fact in their cross-examination, because the question of her age had a direct statutory bearing on their own cases, and therefore made them interested in the result of the case on trial. As these two decisions show, it makes no difference whether the witness testifies for the State or for the defendant. Such is the doctrine stated in 3 Wigmore on Evidence (3 Ed.), secs. 949, 967, pp. 503, 525.

Further, in State v. Decker, 161 Mo. App. 396, 398, 143 S. W. 544(1), a prosecution for assault with intent to rape, it was held error to deny the accused the right to ask the prosecutrix on cross-examination whether she had employed counsel and intended to bring a civil suit based on the same facts. The opinion said (italics ours): "The jury have the right *both in civil and criminal cases* to consider the interest which the witness may have in the result of the litigation." And if this be true of a witness in a criminal case who is interested as plaintiff in another civil suit based on the same facts, certainly there is no reason why the same rule should not apply to a witness in a civil case who is interested as a defendant in a similar criminal case. Not only do our statutes, Secs. 1887 and 4069, supra, provide that the interest of a witness may be shown in both classes of cases, but such is the general rule, 70 C. J., sec. 1148, p. 947; 28 R. C. L., sec. 204, p. 615.

My special concurrence in this case is based on the fact that the scope of all discrediting cross-examination is more or less within the discretion of the trial court. 70 C. J., sec. 1162, p. 956; State v. Rose, supra, 339 Mo. l. c. 327, 96 S. W. l. c. 504(6); and for reasons of judicial policy is restricted in some instances to avoid confusion of issues and undue prejudice. 1 Wigmore on Evid. (3 Ed.), sec. 42, p. 441; 6 id., sec. 1904, p. 574. As said by the same author, 1 id., sec. 194, p. 646, sometimes impeaching evidence is *too* relevant, in the sense that the prejudicial effect thereof outweighs its evidential value on the *real* issues.

It will be noticed that in all the Missouri decisions cited above the issue on which the witness testified in the case on trial was directly

and inherently involved by operation of law in the other case to which he was a party. In the Rose and Snow cases the witness was charged with the same criminal offense as the defendant. In the Decker case the plaintiff contemplated bringing a civil action for damages for the same identical assault with intent to commit rape. If, in the instant case, the witness Best were criminally charged with manslaughter by culpable negligence for the killing of respondent's husband, and then were testifying for her, as he did, in her civil action for the husband's wrongful death resulting from the same negligence, the situation would be comparable to those in the cases cited.

But that is not the situation. Best is criminally charged only with drunken driving. That charge could be sustained by mere proof of his intoxication anywhere on the fatal trip, even before the collision and without any showing of negligence. It may be evidence about the collision would be competent in the criminal case but it would not be an essential legal ingredient. And there is no evidence in this record that either the prosecuting authorities or the respondent were holding over Best's head any charge of responsibility for the wrongful death because of his drunkenness, when he testified for respondent. That charge is made only by *appellants*. He had testified freely as to his drinking. In my opinion the lower court properly could deny appellants the right collaterally to try the prosecutor's criminal case for him as a part of the civil suit, in order to get the fact before the jury that Best had been *arrested* and was out on bond on the drunken driving charge. They could, of course, prove directly any pertinent *facts* about his drunkenness and the collision.