258 S.W.2d 619 (1953)
STATE
v.
RUMFELT.
No. 43327.
Supreme Court of Missouri, Division No. 2.
June 8, 1953.
Melvin Englehart, Fredericktown, for appellant.
John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.
TIPTON, Judge.
The appellant was convicted of the crime of robbery in the first degree by means of a dangerous and deadly weapon in the circuit court of Madison County, Missouri, and his punishment was assessed at imprisonment in the state penitentiary for a term of 10 years. From that sentence he has duly appealed.
The appellant's defense was an alibi. He testified that he was not in Madison County on September 7, 1950. He also testified that on April 6, 1944, he was convicted of violating the Dyer Act, 18 U.S.C.A. §§ 10, 2311-2313, and that he served his sentence at Terre Haute, Indiana.
On cross-examination he was asked if he was arrested on December 3, 1941, on a charge of a motor vehicle theft. He admitted that he had been arrested. He was asked if he was arrested in Kansas City on June 23, 1947, on a charge of vagrancy and rape. He admitted he had been arrested on that date. He was asked if he had been arrested in Kansas City, Kansas, on September 19, 1950, on a charge of auto theft. His answer to this question was "yes."
It is the contention of the appellant that each of the questions asked him about his arrests constitutes reversible error, that the State is only entitled to ask about convictions for criminal offenses and that only for the purpose of affecting his credibility as a witness.
Section 491.050 RSMo 1949, V.A.M.S., reads:
"Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer."
This statute permits a person convicted of a crime to testify. It states how the credibility of a witness who has been convicted of a crime can be tested, and that is that he can be asked about his convictions, not about his arrests.
We have consistently held that to inquire about the arrest of a witness is error. State v. Howard, 102 Mo. 142, 14 S.W. 937; State v. Edmundson, Mo.Sup. 218 S.W. 864; State v. Snow, Mo.Sup. 252
*620 S.W. 629; State v. Pine, 332 Mo. 314, 57 S.W.2d 1087; State v. Menz, 341 Mo. 74, 106 S.W.2d 440; Holden v. Berberich, 351 Mo. 995, 174 S.W.2d 791, 149 A.L.R. 929.
Nor does the fact that this appellant admitted a conviction under the Dyer Act make the cross-examination about his various arrests harmless error. In State v. Pine, supra, the defendant was asked if he had been convicted for transportation of intoxicating liquor or driving a car while intoxicated, and his answer was "yes." He was then asked if he was now under arrest for assaulting an officer. We held the last question to be prejudicial error. To the same effect, see State v. Duff, 253 Mo. 415, 161 S.W. 683.
Section 491.050, supra, must be strictly construed. State v. Blitz, 171 Mo. 530, 71 S.W. 1027; State v. Jones, 306 Mo. 437, 268 S.W. 83. We, therefore, rule the questions asked appellant about his previous arrests are prejudicial error.
The judgment of the trial court is reversed and this cause remanded for a new trial.
All concur.