STATE of Missouri, Respondent,

v.

Ronald DRAKE, Appellant.

No. 35881.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 7, 1975.

John C. Danforth, Atty. Gen., Preston Dean and Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James J. Barta, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, David M. Adams and Rachel Eidelman, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Judge.

Defendant was convicted of first-degree murder and sentenced to life imprisonment. He appeals, contending principally that the trial court erroneously denied his pre-trial motion for production of police records concerning the State's two principal witnesses. Defendant contended the records were necessary for effective cross examination of both witnesses.

Defendant does not question the sufficiency of the State's evidence. It showed defendant and three men, Earl Simms, Donald Selvage and victim Eugene Westmoreland were in an automobile driven by Simms. The car stopped and Westmoreland was getting out when defendant shot and killed him. The evidence came from Simms and Selvage; defendant did not testify.

Defendant's pre-trial "Motion to Compel Production of Police Record of Witnesses" pleaded he had been unable to obtain records needed for cross examination and vital to preparation of an adequate defense. Upon presentation of the motion defendant's counsel orally contended he sought information concerning Simms' and Selvage's arrests and convictions, pending cases against them and their parole and probation records.

The State contended this request was for information outside the "police records." The trial court ordered the State to produce records of Simms' and Selvage's convictions but denied the motion as to other matters. *Ex gratia* we will treat defend-

ant's motion as amended to include defendant's oral requests.

Defendant first contends Simms' and Selvage's arrest records were necessary as relevant to their credibility.

In State v. Aubuchon, 381 S.W.2d 807 [5–10] (Mo.1964); State v. Coleman, 441 S.W.2d 46 (Mo.1969) and State v. Yates, 442 S.W.2d 21 [13–15] (Mo.1969), the Missouri Supreme Court cautioned that defendants are not entitled to *carte blanche* access to state files. To compel production of a state record a defendant must show it "is of such nature that *without it* the defendant's trial would be fundamentally unfair . . . .." The court in *Yates* added there must be a showing the report or statement would impeach the testimony of the state's witnesses, or at the very least, a showing of "probable materiality."

■ In this case, there was no showing of the "probable materiality" of the witnesses' arrest records and no showing these records would impeach their testimony. Indeed, such a showing was impossible, since a witness' credibility may not be attacked by cross examination about arrests which have not resulted in convictions. State v. Sanders, 360 S.W.2d 722 [4] (Mo.1962).

■ Since the records sought were neither material nor usable to impeach the witness' credibility, the court's refusal to require their production did not render defendant's trial "fundamentally unfair."

■ Defendant contends he was entitled to know whether criminal charges were pending against Simms and Selvage and to know their probation and parole status. At the time of trial there was no general right of discovery in criminal cases. State v. Aubuchon, 381 S.W.2d 807 [5–10] (Mo. 1964); State v. Yates, 442 S.W.2d 21 [13–15] (Mo.1969). Hence, the only issue is whether the court's failure to require the state to produce such records so prejudiced

defendant as to make his trial fundamentally unfair.

Defendant cites Holden v. Berberich, 351 Mo. 995, 174 S.W.2d 791 [3] (1943) for the proposition that proof of a case pending against an accomplice may show that this testimony is influenced by desire for leniency in his own case. Selvage testified he had never been arrested or charged in connection with the murder of Eugene Westmoreland. The accuracy of that testimony was unchallenged in the record. Simms testified he had originally been charged with the murder and the charges were dropped the day of trial. Simms added he would not have testified had the charges not been dropped.

■ Since the information regarding pending charges against Simms and Selvage was disclosed at trial, the court's pre-trial ruling obviously did not prejudice defendant or make his trial "fundamentally unfair."

Defendant does not state in what way the witnesses' probation and parole status was relevant or material or usable to impeach the creditability of either witness. In State v. Yates, *supra*, the court ruled: "In order to require production of a police report there must be "a satisfactory showing that a report . . . is of such nature that *without it*, the defendant's trial would be fundamentally unfair . . . ." Defendant was not prohibited from exploring this area on cross examination. Defense counsel chose not to question Selvage on this subject. He elicited from Simms the fact that he had seventeen remaining months on parole from a ten-year sentence for armed robbery.

■ We find defendant failed to show how he was prejudiced by the court's denial of the motion for documentary inspection, and we fail to find such prejudice in the record.

■ Defendant's final objection was to the trial court's failure to discharge a venireman for cause. The mother-in-law of a police officer was asked by State's and defense counsel whether she could impartially weigh a policeman's testimony. She gave equivocal answers. Questioned by the court, she indicated she could judge a police witness by the same standards as she would any other witness. The trial court accepted that answer and denied defendant's challenge. We find no abuse of the trial court's discretion and hence no reversible error. Compare State v. Harris, 425 S.W.2d 148 [8, 9] (Mo. banc 1968).

Judgment affirmed.

DOWD, C. J., and WEIER and RENDLEN, JJ., concur.