STATE of Missouri, Plaintiff-Respondent,

v.

Troy L. RUSS, Defendant-Appellant.

Nos. 36889, 37057.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 11, 1976.

1. Statutory references are to RSMo. 1969.

James C. Jones, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Sheila Hyatt, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Presiding Judge.

Defendant-appellant, Troy L. Russ, was charged, tried and found guilty by a jury of the offense of burglary in the second degree, § 560.095, and the trial court, under the provisions of the Second Offender Act, § 556.280, imposed sentence of five years in the Department of Corrections. He appeals. We affirm.

Appellant, on this appeal contends that he is entitled to a new trial because the trial court erred in overruling defense counsel's objection to the introduction in evidence of a "cardboard box full of bottles of liquor . . . ." He contends there was no adequate foundation laid and no valid chain of custody shown to reasonably assure that the exhibit was the same at trial as it was when it was first seized at the scene of the offense.

Since this is the only point raised on appeal and since appellant does not raise any issue concerning the sufficiency of the evidence to make a submissible case, we shall state only those facts necessary for the disposition of the point raised on appeal.

On August 2, 1974, Lillian Elizabeth Burr owned a tavern known as Earl's Place in the City of St. Louis. Mr. James Joseph Bogeman, Sr. worked there and was working there in August, 1974. On the evening of August 1, 1974, he was the last one to leave the premises. Before leaving, he "locked the front door and the side door. . . . [a]nd the back door." At about 12:25 a. m., on the morning of August 2, 1974, Officer Herman Moon, an officer of the St. Louis Police Department, having finished his tour of duty for the day and having returned to his home, was "fixing to go to bed." While he was doing so, he "heard glass breaking." He looked out his window to the tavern directly across from where he lived and noticed that a "window across at the tavern was broken out and a man was climbing through the window."

The tavern was about one hundred feet away from his front window. The individual climbing in the tavern window was wearing "white and red checkered pants . . . ." Officer Moon also saw a man

standing on the sidewalk next to the window and another man "down on the corner." After hearing the breaking of glass, he "jerked" on his trousers and went across to the tavern. As he approached the tavern, the man with the "white and red checkered pants," later identified by Officer Moon as the appellant, Troy L. Russ, was handing whiskey out the window to another man. The whiskey which was being taken out was "being put in a cardboard box." The man standing on the sidewalk was taking the whiskey from the man inside [Russ]. Officer Moon informed the men they were under arrest. The man on the sidewalk ran. The man on the inside [Russ] ran to the back of the tavern but could not get out that way because of a steel door, and returned to the window and "fell when he came out the window . . . ."

By this time, someone had called the police, and other officers including Officer Joseph Kresko arrived. Officer Moon "turned" the appellant, Russ, and the evidence—box containing the liquor—over to Officer Kresko. At trial, Officer Moon was "positive and certain" that the appellant was the gentleman he "saw enter the tavern" that evening.

At trial, Officer Moon was asked to "take a look at State's Exhibit 1 [the box and bottles of liquor]." He testified that the box and liquor were the "same or similar to the box and liquor" he saw on the morning of August 2, 1974. The initials "J. K." [Joseph Kresko?] appeared on the bottles.

In the early hours of the morning on August 2, 1974, Lillian Burr, the owner of Earl's Place, was called and came to the tavern after she was informed the tavern had been broken into. Inside the tavern she found a rock about "that" big behind the bar; she also saw a box of liquor by the window. She testified that the box of liquor introduced at trial "looks like the same box because you see the name of it down there—Mansfield. We have all this kind." In fact, she said, "I am sure it looks like the same box . . . ." She testified that the top shelf "where we keep the V–O" was almost empty and that the box introduced

in evidence contained a number of bottles of Seagrams V–O.

When the assistant circuit attorney requested that the exhibits be admitted, defense counsel objected to "admitting the bottles of liquor and the box, in that no proper foundation, no chain of custody has been laid as to whether these are the same. Everyone says they are similar, no one says they are the same. There was no testimony on chain of custody." The objection was overruled and the exhibit admitted.

The defendant presented testimony to the effect that the criminalist at the police department who examined defendant's clothes found no glass or "specimens that were brought in from the scene."

The jury found the defendant guilty, and the court, after granting allocution, sentenced him to five years in the Department of Corrections.

On this appeal, appellant argues that no chain of custody was shown and that a "reasonable assurance" that the exhibit was the same at trial as when it was first obtained was "clearly lacking"; hence, appellant contends he was prejudiced by the admission of the exhibit—the box and the bottles of liquor.

We find no error. First, when an exhibit is "susceptible to positive identification in a singular sense and has been specifically identified . . . , chain of custody becomes an irrelevant issue." *State v. Orr*, 493 S.W.2d 374, 377 (Mo.App.1973). Or, put negatively, chain of custody is only a relevant issue to a determination of whether certain evidence is admissible where the exhibit is not susceptible to positive identification. *State v. Granberry*, 484 S.W.2d 295, 300–301 (Mo.banc 1972). To come within this principle, a "positive" identification is not essential. It is sufficient for purposes of admissibility if the identification of tangible property is a qualified one. *State v. Alderman*, 498 S.W.2d 69, 72 (Mo. App.1973); *State v. Johnson*, 286 S.W.2d 787, 791 (Mo.1956) [weapon " 'looked like,' . . . looked 'very much' like . . ."]; *State v. Stancliff*, 467 S.W.2d 26, 30 (Mo.

1971); *State v. Kern*, 447 S.W.2d 571, 575 (Mo.1969); *State v. Hollins*, 512 S.W.2d 835, 839 (Mo.App.1974). Identification of an exhibit need not be wholly unqualified in order to make it admissible; the weight to be given to the identification is a matter for the jury. *State v. Alderman*, supra, 498 S.W.2d at 72.

Second, to establish a chain of custody the evidence must afford reasonable assurance that the exhibit was the same at trial as it was when first obtained. *State v. Heather*, 498 S.W.2d 300, 306 (Mo.App. 1973). The chain of control or custody requirement is to prevent the alteration of or tampering with exhibits or to prevent any substitution. But it is not required to account for hand-to-hand custody of the evidence between the time it is obtained and the time it is admitted or that it be continually watched to establish a chain of possession. *State v. Alderman*, supra, 498 S.W.2d at 72; *State v. Heather*, supra, 498 S.W.2d at 306. It is sufficient if the evidence shows reasonable assurance that it was the same and in the same condition.

We hold there was a sufficient showing of a chain of custody here. Officer Moon testified that he turned the box and bottles of liquor over to Officer Kresko, the initials "J. K." appeared on the bottles at trial, and Officer Moon and Lillian Burr testified that the box and bottles of liquor were the same or similar to the box and liquor found outside the window that August evening. Lillian Burr testified that a number of bottles of Seagrams V–O was in the box which was introduced as an exhibit. There was, under these circumstances, a reasonable assurance that the exhibit introduced was the same at trial as it was when it was first seized by Officer Moon and turned over to Officer Kresko.

Hence, we reject appellant's assertion on this appeal that it was error to introduce, over defendant's objection, the box and bottles of liquor because there was no adequate foundation or a showing of proper chain of custody. We find no error, and we therefore affirm the judgment of conviction.

The judgment is affirmed.

KELLY and GUNN, JJ., concur.