STATE of Missouri, Respondent,

v.

Terrell L. FAIRCLOTH, Appellant.

No. KCD29897.

Missouri Court of Appeals,
Kansas City District.

June 12, 1978.

Motion for Rehearing and/or Transfer
Denied July 20, 1978.

Application to Transfer Denied
Sept. 12, 1978.

John B. Schwabe, II, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Stanley Robinson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Terrell L. Faircloth was convicted of burglary second degree, § 560.050, RSMo 1969. The jury assessed punishment at imprisonment for ten years. On this appeal Faircloth raises questions concerning a line-up; the prosecutor's argument; admission of evidence; and failure to excuse certain veniremen for cause. Affirmed.

Faircloth does not challenge the sufficiency of the evidence so a brief statement will suffice. Shortly after noon in October, 1976, Willis Chin heard his doorbell ring. After a short delay, Mr. Chin reached a room next to his patio. He saw a man standing in this room near the door leading to the patio. When Chin yelled the man ran onto the patio. The day was sunny and Chin saw another man standing on the patio and got a full frontal view of this man. Chin later identified the man on the patio as Faircloth.

After the man ran out of the house and joined Faircloth on the patio, the two ran toward the front of the house. In the meantime Chin obtained a ball bat and ran out the front door and again saw the men as they ran toward the front of the house. The men disappeared down the street.

Chin notified the police and gave a description of Faircloth as to his physical characteristics and clothing. A short time later Faircloth was arrested while walking down a highway near Chin's home. In addition, an automobile parked near Chin's home was found to be registered to Faircloth.

Examination of the door frame on the patio for fingerprints yielded prints which were later matched with Faircloth and found to be his. A garden spade, or trowel, was found under the patio deck and marks on the door indicated the spade had been used to force the door open.

On the day Faircloth was arrested a line-up was held in Columbia. Faircloth was the only person possessing the particular physical characteristics Chin had given to the police as possessed by the man he had seen standing on his patio.

■ Faircloth first urges the court erred in overruling his pre-trial motion to suppress the line-up identification because of the absence of any others in the line-up possessing the same physical characteristics as Faircloth. However, Chin was shown to

have had opportunity to observe Faircloth in sunlight standing on his patio. Chin positively identified Faircloth at trial without objection. Here there was a source of identification independent of the line-up. In that situation the independent source of identification is enough to overcome a claim of unnecessary suggestiveness in a line-up. *State v. Jordan*, 506 S.W.2d 74, 81[11–14] (Mo.App.1974).

In his final argument the prosecutor made reference to a campaign slogan of a recently elected sheriff of Boone County to the effect that the candidate for sheriff would be the last person a burglar in Boone County would want to meet. Faircloth's counsel objected but made no motion for a mistrial. When the motion was overruled the prosecutor continued that he would like to see a message go out of the courtroom to the effect that the last people a burglar in Boone County would want to come in contact with would be a jury. Faircloth makes some contention the argument was designed to appeal to the political preference of the jurors. However, a fair reading of the argument reveals it was not a political appeal but rather an appeal for the jury to send a message that burglars were punished in Boone County. An appeal to the jury to send out a message that criminal conduct would be punished was approved in *State v. Blumer*, 546 S.W.2d 790, 792[4] (Mo.App. 1977). That was the situation in this case.

Faircloth next contends the court erred in admitting the garden spade, a pair of trousers and shirt worn by Faircloth at the time of his arrest, and the fingerprint cards bearing the latent prints found on the patio door. All of these items were positively identified and introduced at trial. Faircloth's objection is based on relevancy and a failure of proof as to their chain of custody. There could be no doubt of the relevancy of any of the items. The spade was shown to have made the marks found on the door. The pants and shirt were identified as those being worn by Faircloth at the time of his arrest which matched the description of the clothing given by Chin and the fingerprints were those found on the door which had been broken into. Since all of these items were positively identified at trial, chain of custody becomes an irrelevant issue. *State v. Russ*, 537 S.W.2d 216, 218[1–3] (Mo.App.1976).

Faircloth finally contends the court erred in failing to strike for cause the entire jury panel. Faircloth contends a number of veniremen were shown to have relatives who were or had been in law enforcement work. All of the veniremen were questioned concerning this matter and all of them stated they could return a verdict based only on the evidence. No effort has been made to show the veniremen were in fact biased. Absent some showing that a venireman would give greater weight to the testimony of a police officer or would not impartially weigh a policeman's testimony, the mere fact a venireman is related to a police officer would not work an automatic disqualification. The question of the qualification of a venireman is vested largely in the discretion of the trial court. No abuse of that discretion was shown here. *State v. Drake*, 518 S.W.2d 335, 337[6] (Mo.App. 1975).

Faircloth contends a number of veniremen should have been excused for cause because they had previously served on juries which had found criminal defendants guilty. Likewise, no prejudice on the part of these veniremen was shown to exist. The fact a venireman has previously served on a jury during the same year does not disqualify him. *State v. Thompson*, 472 S.W.2d 351, 353[2, 3] (Mo.1971). Faircloth has not demonstrated any prejudice nor any abuse of discretion on the part of the trial court.

The judgment is affirmed.

All concur.