STATE of Missouri, Respondent,

v.

Marvin EASLEY, Appellant.

No. 65113.

Supreme Court of Missouri,
En Banc.

Dec. 20, 1983.

Rehearing Denied Jan. 17, 1984.

Robert G. Duncan, Gladstone, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, Margaret Jones, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant-appellant was convicted of arson, a violation of § 560.025, RSMo 1969 (now repealed). The conviction was affirmed by the Western District of the Missouri Court of Appeals.

At defendant's request, this Court granted transfer of the case, primarily to consider the issue of whether a defense witness may be cross-examined by the state with respect to a pending indictment for the same offense as defendant. We affirm the conviction, and in so doing draw substantially from the splendid opinion written by Judge Turnage for the Western District.

The facts which follow sufficiently support defendant's § 560.025, RSMo 1969 (now repealed) conviction for arson.

On August 10, 1978, defendant exercised an option to purchase Gordo's, a Kansas City restaurant. Defendant purchased the building from Don Melching with Melching retaining ownership of the land on which the restaurant was constructed. Defendant was to pay Melching a weekly sum for the balance of the purchase price and a monthly rental for the land. Prior to exercising the purchase option, on August 4, 1978, defendant increased the fire insurance coverage on the building and its contents from $90,000 to $165,000. He also purchased business interruption coverage in the face amount of $39,000. Thus, he hiked the total fire insurance coverage by over twice that previously held. The restaurant's bank account balance had gone from $9,852 in July 1977 to $192 at the end of June 1978. By August 1978, the restaurant's bank account reached a $550 overdraft status. Nearly $11,000 was owed for liquor bills.

On August 14, 1978, at 12:28 a.m., a passer-by saw smoke pouring from Gordo's and reported a fire. Fire fighters and police responded to the call and arrived to give aid at 12:38 a.m. The building was found to be completely locked, and entry had to be forced. The burglar alarm was in an off position. Inside, fire department personnel found the floor saturated with paint thinner. Plastic bottles filled with gasoline and with unlighted wicks inserted in molotov cocktail fashion were also in the restaurant on top of boxes containing business records. It was estimated that it would take 6–15 minutes to set up the incendiary devices.

Fire fighters extinguished the blaze by 12:50 a.m. after it had burned between 15 and 45 minutes. Apparently, the incendiary materials had fulminated, causing them to be extinguished in large measure.

Defendant's statement to police shortly after the fire was that he and an employee, Susan Bartelli, had closed the restaurant between 12:08 a.m. and 12:15 a.m., locked the doors and turned on the burglar alarm. They had then gone to another restaurant in north Kansas City for breakfast. Defendant and Ms. Bartelli arrived at the other restaurant at 12:25 a.m. and shortly thereafter received a telephone call about the fire.

In the course of filing an insurance claim, defendant gave a sworn statement that shortly before the fire he had changed locks on the building and only he, his wife and two or three employees, including Ms. Bartelli, possessed keys to the new locks.

Defendant's only witness testified that he had been with defendant and Ms. Bartelli at Gordo's until about 11:50 p.m., and that they had met again at 12:25 a.m. at the second restaurant for breakfast. The time framework accepted by both the state and defense was thereby substantiated.

■ The defendant's first point on appeal concerns the sufficiency of evidence to convict. The venerable tenet serving as guidepost in a circumstantial evidence case such as this is that the facts and circumstances relied upon by the state to establish guilt must be inconsistent and irreconcilable with a hypothesis of defendant's innocence. But the circumstances need only exclude reasonable hypothesis of defendant's innocence. *State v. Johnson,* 598 S.W.2d 123, 126 (Mo. banc 1980), *cert. denied,* 449 U.S. 1067, 101 S.Ct. 795, 66 L.Ed.2d 611 (1980); *State v. Tatum,* 656 S.W.2d 305, 309 (Mo.App.1983).

■ The evidence viewed in the light most favorable to the verdict is sufficiently substantial to support the finding of defendant's guilt. *State v. Parker,* 543 S.W.2d 236 (Mo.App.1976), is remarkably felicitious to the circumstances of this case. In each case, the fire was of incendiary origin. The opportunity and motive were present and proven: the property was heavily insured—beyond that required under

purchase agreement; the business was not profitable; the building was locked with others having keys (other than Ms. Bartelli in this case) not being available; it was improbable that any stranger could have gained access to the building to set it ablaze; the fire was deliberately ignited; the defendant was present and left within the time for the fire to have been deliberately set. All these factors comport with the required proof by circumstantial evidence of arson by defendant. *Id.* at 242.

The state made its arson case by proving the essential elements that the building was afire by incendiary action by reason of defendant's participation, albeit proof was founded on circumstantial evidence. *State v. Porter,* 640 S.W.2d 125, 126 (Mo.1982); *State v. Craven,* 657 S.W.2d 357, 358 (Mo. App.1983).

■ The next issue pertains to defendant's co-indictee—Ms. Bartelli. She had been indicted for arson arising out of the same fire which had caused defendant's problems. Prior to trial, defendant filed a motion *in limine* requesting that the state be prohibited from referring to Ms. Bartelli's indictment, as such reference would effectively preclude his calling her as a witness essential to his defense.[1] Defendant's offer of proof after denial of the motion *in limine* was that Ms. Bartelli would testify that defendant had not started any fire on the premises.

The substance of defendant's contention on this point is that a witness' credibility may not be attacked through a showing of arrest, investigation or criminal charge which does not result in conviction. *State v. Dunn,* 577 S.W.2d 649, 651 (Mo. banc 1979); *State v. Sanders,* 360 S.W.2d 722, 725 (Mo.1962); *State v. Ballard,* 657 S.W.2d 302, 306 (Mo.App.1983). But *Sanders* recognizes that an exception to the rule may be found when the inquiry reveals a specific interest of a witness. 360 S.W.2d at 725[4]. The narrow exception which this case falls un-

---

1. This matter had been the subject of a mistrial in a previous trial in which the prosecutor had cross-examined Ms. Bartelli regarding her indictment for arson.

der is described in *State v. Taylor,* 498 S.W.2d 614, 618 (Mo.App.1973):

> An exception has also been found where two persons have been indicted for the same offense and one testifies in support of the other. Cross-examination about the fact of the indictment has been allowed to show mutuality of interest between the two defendants.[2]

*Holden v. Berberich,* 351 Mo. 995, 174 S.W.2d 791 (1943) also provides pertinent guidance for this situation in which the interest of a co-indictee may be brought to the jury's attention:

> That the witness is or has been *under indictment* may have several bearings: (3) if it is now pending over a *witness . . .* for the *accused* in a criminal case, it is relevant to show the witness' interest in testifying favorably for that side . . . . Where a co-indictee testifies for the accused his situation here also may be considered as tending to exonerate the other accused and thus help toward his own freedom. (Emphasis in original).

*Id.* at 793 (quoting 3A J.H. Wigmore, EVIDENCE §§ 949, 967 (Chadbourn rev. 1970)).

The logic of permitting inquiry into a co-indictee's pending indictment for the same crime as defendant is manifest. An individual charged with the crime arising out of the same transaction as defendant would understandably warrant exoneration for his or her co-implicant. Thus, the exception regarding co-indictees rests on the showing of a witness' interest in the trial's outcome vis-a-vis an effect on the witness' credibility, which may be attacked by reference to an actual conviction. Sec. 491.050, RSMo Supp.1982. *State v. Baker,* 636 S.W.2d 902, 906–07 (Mo. banc 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983); *State v. Turner,* 655 S.W.2d 710, 711 (Mo.App.1983).

■ The trial court committed no error in denying defendant's motion *in limine.* The situation in this case does not involve the disapproved practice of referring to pri-

or arrests, particularly of the defendant. *See, e.g., State v. Dunn,* 577 S.W.2d at 651; *State v. Ballard,* 657 S.W.2d at 306. Instead, the applicable rule is that although arrests or indictments are not normally available as impeachment tools, "where the evidence of an arrest or accusation arises out of the transaction from which the trial arose, it is admissible to show interest or bias on the part of the witness." *United States v. Musgrave,* 483 F.2d 327 (5th Cir. 1973), *cert. denied,* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973). The relevancy of showing interest or bias by a witness, even though the evidence may have no bearing on the issues of the case comports with Missouri law. *State v. Glass,* 554 S.W.2d 426, 429 (Mo.App.1977).

■ Defendant next suggests that the trial court erred in sustaining the state's motion *in limine* which prevented him from cross-examining either the insurance agent who wrote Gordo's insurance or an attorney who represented the insurance company, regarding an incendiary fire which had occurred at the restaurant two years before the fire in question. Defendant's theory at trial was that Don Melching, from whom he had purchased the building and who retained the mortgage, could have had a motive for arson. Defendant's attempt to bring out evidence regarding an arson fire which occurred when Melching owned and operated the business and before defendant was connected with it was directed at this defense.

Defendant offered no evidence which connected Melching with the arson in this case. His efforts regarding cross-examination of the insurance agent were intended to show that Melching had a motive and desire to see the property burn.

Efforts of this nature are prohibited by the rule expressed in *State v. Umfrees,* 433 S.W.2d 284 (Mo. banc 1968), which states:

> Evidence that another person had an opportunity or motive for committing the

---

2. This rule is discussed at length in Annot., 20 A.L.R.2d 1421 (1951). *See also Fulton v. State,* 335 So.2d 280, 283[3] (Fla.1976), and *Common-* *wealth v. Ross,* 434 Pa. 167, 252 A.2d 661, 662–63[3] (1969).

crime for which the defendant is being tried is not admissible without proof that such other person committed some act directly connecting him with the crime. *Id.* at 287.

Under this rule, defendant was not entitled to present evidence that Melching had a motive in the absence of evidence directly linking him with the 1978 fire. Thus, the trial court correctly refused to admit evidence of the previous incendiary fire at Gordo's for the only purpose of establishing a motive for Melching.

■ Defendant also urges that the trial court improperly limited his cross-examination of the attorney for the insurance company. The attorney had testified on direct examination as a state's witness that defendant had given him a sworn statement as part of his proof of loss. The statement contained defendant's admission that he had changed the restaurant's locks shortly before the fire. On cross-examination, defendant's counsel inquired if in the same statement defendant had said that Melching possessed a key. The trial court sustained the state's objection that the statement was self-serving and inadmissible. And in this regard, there may have been error. It is well settled that when part of an admission is introduced into evidence by the state, the defendant "is entitled to introduce the remainder, even though self-serving ...". *State v. Quinn*, 461 S.W.2d 812, 816 (Mo.1970). After objection, counsel made an offer of proof in which he offered to prove that defendant had made the following statement:

> I believe I gave him—I don't know if I ever gave him the new key. I had the locks changed a couple of times, and I think I gave him the key. I will have to check. I have got a list of who all had the keys. Shucks, it's amazing what you forget after a couple of months after not thinking about it.

It is apparent from the record that any error in excluding the foregoing statement was absolutely harmless. The offer of proof on the issue of whether Melching possessed a key and therefore theoretically could have had access to the premises though he was not placed anywhere in the vicinity established nothing. The statement is meaningless. It certainly does not establish that Melching had a key, for defendant did not know or even advance as a fact that the former owner had a key. Thus, defendant lost nothing by the trial court's refusal to allow the full statement in evidence.

The judgment is affirmed.

All concur.