STATE of Missouri, Respondent,

v.

Gary FERGUSON, Appellant.

No. 51524.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 31, 1987.

Shawn A. Goulet, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from the judgment of the trial court entered on a jury verdict convicting defendant of stealing goods valued at over one hundred-fifty dollars. We affirm.

At approximately 1:00 a.m. on June 13, 1985, a police officer traveling east on Olive Boulevard, noticed a man, whom he later identified as defendant, on top of a Corvette on the lot of an auto dealership located on Olive Street Road. The officer saw defendant holding a T–Top[1] that he had removed from the Corvette. Defendant then ran to a blue van parked alongside the dealership lot.

The policemen pursued the blue van. The van entered the northbound lanes of Interstate 270 and a high-speed chase ensued. The police officer testified that the occupants of the van began throwing items from the van, including a T–Top, in the area of Page Boulevard and Interstate 270.

1. A T–Top is one of two removable glass panels of a car's roof that fit into a permanent T-shaped bar.

The chase ended at a school parking lot in the City of St. Louis. The driver of the van was able to escape on foot while defendant and another man were apprehended in the back of the van.

After defendant was given his *Miranda* rights and he signed a waiver of rights form, defendant gave the police a statement in which he admitted going to the auto dealership with two men, James Harding and Mildrew Griffin, but that he had remained in the van while Griffin removed the T–Tops from the Corvette. Defendant's statement was admitted into evidence at trial.

The remains of a T–Top were recovered from the northbound lanes of Interstate 270 near Page Boulevard. The remains were introduced into evidence at trial and a representative from the auto dealership identified them as being from a T–Top manufactured by General Motors, the company which produces Corvettes.

The jury found defendant guilty of stealing goods valued at over one hundred-fifty dollars. The court entered judgment thereon and sentenced defendant as a persistent offender to a term of fifteen years.

In his first point on appeal, defendant contends Instruction No. 5, MAI–CR2d No. 24.02.1 modified by MAI–CR2d No. 2.12, should not have been submitted because it was in violation of the Notes on Use for MAI–CR2d No. 2.12. We construe defendant's argument to be that he was prejudiced thereby as he was foreclosed from presenting a defense of misidentification.

MAI–CR2d No. 2.12 instructs on the responsibility for the conduct of another. Use of the instruction requires that the ordinary verdict director for the charged offense be modified. The Notes on Use give four factual situations of accessorial liability:

First, where the evidence shows the offense was committed entirely by someone other than the defendant and the sole basis for defendant's liability is that he aided the other person(s); second, where the evidence shows the defendant acted with one or more persons and they jointly committed the offense; third, where the evidence is not clear or conflicts as to whether the defendant simply aided (and did not by his own conduct commit any elements of the offense) or acted jointly with another person or persons (and by his own conduct committed some or all of the elements of the offense); and fourth, where the evidence shows the conduct constituting the elements of the offense was committed solely by the defendant and there is also evidence showing someone aided the defendant.

Note on Use 6, MAI–CR2d No. 2.12. The Notes on Use then provide instructions for modifying the ordinary verdict director for the charged offense. For each of the four separate factual situations, the instructions direct who the elements of the offense should be ascribed to and describe which alternative to choose of the MAI–CR2d No. 2.12 paragraph following the elements of the charged offense. The Notes on Use specifically provide, however, that any variation in ascribing the elements of an offense to the defendant or the other persons and any variation in the selection of the alternatives for the paragraph following the elements of the charged offense "shall not be deemed reversible error in the absence of prejudice." Note on Use 6, MAI–CR2d No. 2.12.

■ Defendant contends the evidence was that defendant committed all of the elements of the offense of stealing goods valued at over $150.00 and that the Notes on Use for the fourth factual situation of accessorial liability should have been followed. Note on Use 6(d) provides that there is no need to use MAI–CR2d No. 2.12 where the evidence shows that the conduct constituting the elements of the offense was committed solely by the defendant and there is also evidence that someone aided the defendant because the ordinary verdict director ascribing all the elements to the defendant is then sufficient. The Note further provides, however, that MAI–CR2d No. 2.12 can be adapted to cover this situation by ascribing all of the elements of the offense to defendant alone and that the alternative "defendant acted with the aid

of [others]" should be used in the paragraph following the elements of the offense. This variation of the instruction should not be used unless requested by the prosecution because it puts an additional and unnecessary burden on the prosecution. Note on Use 6(d).

Defendant contends either the ordinary verdict director for the charged offense should have been given without MAI–CR2d No. 2.12 or the Notes on Use for adapting the instruction should have been followed with the elements of the offense ascribed to defendant alone. Otherwise, defendant contends he was foreclosed from presenting a defense that it was Griffin who removed the T–Tops and that defendant was mistakenly identified.

The instruction submitted employed a combination of the instructions for situations two and three. The elements of the offense of stealing goods valued at over one hundred-fifty dollars were ascribed to "defendant and others" in accordance with the instructions for situation number two where the evidence shows defendant acted with others and they jointly committed the offense. The alternative chosen from the paragraph following the charged offense was "defendant acted together with or aided other persons" as provided in the instructions for situation three where the evidence is unclear or conflicts as to whether defendant simply aided or acted jointly with others and by his own conduct committed all or some of the elements of the offense.

■ From our review of the record, we find the evidence supported the giving of MAI–CR2d No. 2.12 in accordance with the directions for situation three. The evidence did conflict as to who actually removed the set of T–Tops from the Corvette. The police officer identified defendant as the one he saw on top of the Corvette holding a T–Top. The police officer, however, could not tell whether defendant was carrying the set of T–Tops, he just noticed defendant had one T–Top in his hand. Further, in defendant's statement to a police officer, which was allowed into evidence, defendant admitted going to the

auto dealership with Harding and Griffin but contended that he (defendant) had remained in the van and that Griffin had removed the T–Tops from the Corvette.

■ Note on Use 6(c) instructs that where the evidence involves situation three, the MAI–CR2d No. 2.12 alternative "defendant acted together with or aided other persons" should be used. The submitted instruction did use this alternative. In ascribing the elements of the offense, however, the Note directs the elements be ascribed to "defendant or others." The submitted instruction ascribed the elements to "defendant and others." We find no prejudice to defendant from the deviation in ascribing the elements of the offense to "defendant and others" as opposed to "defendant or others." We doubt such a variation was even discernable to the jury. In any event, if any prejudice did exist it would be to the state who had to show defendant and others all committed the conduct of the offense rather than that either defendant or the others committed the elements of the offense. As we find no prejudice to defendant by the variation in ascribing the elements of the offense we do not find the deviation from the Notes on Use to be reversible error. Point denied.

In his second point on appeal, defendant contends the trial court erred in overruling his objection to the admission into evidence of the remains of the T–Top. Defendant contends the state never properly identified the T–Top remains as the actual T–Top taken.

■ Initially, it should be noted that "[a] trial judge has wide latitude in ruling on whether to admit or exclude evidence adduced by the parties at trial." *State v. Clark*, 711 S.W.2d 928, 932 (Mo.App.1986). Absent a clear abuse of the trial court's discretion, an appellate court will not interfere with a ruling on the admission or exclusion of evidence. *Id.*

■ Because the identification of property which does not bear identifying marks is seldom capable of strict proof, the identification may be established by circumstantial evidence. *State v. Sloan*, 548 S.W.2d 633,

638 (Mo.App.1977). A positive identification is not necessary. *State v. Cox,* 542 S.W.2d 40, 44 n. 3 (Mo.App.1976). For purposes of admissibility, it is sufficient if an identification of tangible property is a qualified one. *State v. Russ,* 537 S.W.2d 216, 218 (Mo.App.1976). The weight to be given to the identification is then a question for the jury. *Id.* at 219.

 The remains of the T–Top were sufficiently identified to allow the jury to decide if it was the one taken. The remains were found at the location where the pursuing officer stated the occupants of the van had thrown a T–Top at his vehicle. A representative from the auto dealership testified that the T–Top taken did not have an identification number. He further testified, however, that from the parts, the remains appeared to be a T–Top for a Corvette and that the remains were from "a General Motors T–Top for sure." The exhibit was admissible and the weight of the identification was for the jury. Point denied.

In his final point on appeal, defendant contends the trial court erred in overruling his objection to the admission into evidence of the statement made by defendant. Defendant contends the statement was not voluntary and that he did not waive his right to remain silent. We find defendant's contention without merit.

It is the state's burden to prove the voluntariness of a confession by a preponderance of the evidence. *State v. Lytle,* 715 S.W.2d 910, 915 (Mo. banc 1986). In determining whether a confession is voluntary, a court must consider the totality of the circumstances. *Id.*

At the suppression hearing the state showed defendant was read his *Miranda* rights before he gave the statement. Defendant verbally indicated that he understood what was read to him. He was given an opportunity to consult with an attorney but chose not to do so. Defendant was given a "Waiver of Rights" form to read which listed his *Miranda* rights. He placed his initials after each right listed. Defendant indicated he wanted to waive his rights and he signed the form. He then made an oral statement and reduced that statement to writing. Defendant offered no evidence of coercion. We find the state met its burden of proving the voluntariness of the statement by a preponderance of the evidence.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.